959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David SOULE, Plaintiff-Appellant,
v.
Samuel LEWIS; J. Lopez, individually and in her official
capacity as Correctional Program Officer, et al.,
Defendants-Appellees.
 No. 91-15580.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Soule, an Arizona state prisoner, appeals pro se the district court's denial of his motion for a temporary restraining order and a preliminary injunction in his 42 U.S.C. § 1983 action.[1] Soule sought to enjoin prison officials from requiring non-indigent inmates to pay for long distance legal phone calls. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and affirm.
 
 
 3
 Our review of a preliminary injunction is limited. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989) (" '[r]eview of an order granting or denying a preliminary injunction is much more limited than review of a permanent injunction' " (quoting Zepeda v. United States Immigration & Naturalization Service, 753 F.2d 719, 724 (9th Cir.1983)). We will reverse the district court's denial of a preliminary injunction only for an abuse of discretion. Hunt, 872 F.2d at 292.
 
 
 4
 In determining whether the district court abused its discretion, we look to whether the court (1) applied the wrong substantive law governing injunctive relief or (2) based its decision upon a misapplication of the underlying substantive law or upon a clearly erroneous finding of fact. See id.
 
 
 5
 Here, by requiring Soule, as the moving party, to show likelihood of success on the merits and irreparable injury or at least that serious questions were raised and the balance of hardship tips sharply in his favor, the district court applied the correct substantive law governing the issuance of injunctions. See, e.g., Burlington N.R.R. Co. v. Department of Revenue of the State of Washington, 934 F.2d 1064, 1074 n. 6 (9th Cir.1991).
 
 
 6
 The district court then determined that Soule had not demonstrated that he would suffer irreparable harm or serious hardship warranting injunctive relief. The court observed that the prison regulation applied only to non-indigent inmates and that, if Soule were successful in the action, he would be entitled to reimbursement of the cost of the long distance legal phone calls.
 
 
 7
 Given these circumstances, the district court did not abuse abused its discretion by denying Soule's motion for a preliminary injunction. See Hunt, 872 F.2d at 292.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Soule seeks to appeal the district court's denial of a temporary restraining order, it is not appealable. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989) ("denial of a temporary restraining order is not generally appealable unless it effectively decides the merits of the case" (citation omitted)). Thus, we review only the denial of the preliminary injunction. See id